UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| UNITED STATES OF AMERICA | § | |
|---|---|---|
| | § | |
| VS. | § | CRIMINAL ACTION NO. 2:09-CR-938 |
| | § | (CIVIL ACTION NO. 2:13-CR-37) |
| JORGE ALBERTO MARTINEZ-MARTINEZ; | § | |
| aka ALBERTO-MARTINEZ | § | |

**ORDER DISMISSING MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE, AND DENYING CERTIFICATE OF APPEALABILITY**

Pending before the Court is Defendant Jorge Alberto Martinez-Martinez' (Martinez) motion pursuant to 28 U.S.C. § 2255. D.E. 25. Because it plainly appears from the Court's review of the motion and the record of prior proceedings that Martinez is not entitled to any relief, the Court dismisses the motion. Rule 4(b), Rules Governing Section 2255 Proceedings for the United States District Courts (2012) (2255 Rules). He is also denied a certificate of appealability.

**I. PROCEDURAL HISTORY**

Martinez was one of ten undocumented aliens found walking through the brush west of San Diego, Texas by Border Patrol Agents in October 2009. D.E. 17 at ¶ 4. When the agents conducted an immigration inspection, Martinez admitted he was a citizen of Mexico and that he was illegally in the United States. Id. Further inquiry of immigration records revealed that Martinez was previously removed from the United States in 1991. Id. at ¶ 6. He was arrested for Illegal Reentry.

Martinez was brought to federal district court and appointed counsel the day after his arrest. D.E. 5. He was subsequently indicted for Illegal Reentry in violation of 8 U.S.C. §§ 1326(a) and (b). D.E. 8. Several months later, Martinez entered into a plea agreement with the

government and was rearraigned. D.E. 14, 15. In exchange for his guilty plea, the government agreed to recommend that Martinez get maximum credit for acceptance of responsibility and agreed to recommend a sentence within the applicable guideline range. D.E. 15 at ¶ 2. The plea agreement advised him that he would be sentenced by the district court in accord with the sentencing guidelines. Id. at ¶¶ 5-7.

After accepting his guilty plea, the Court ordered preparation of a Presentence Investigation Report (PSR). D.E. 16. The Probation Department prepared the report. D.E. 17. The base level offense for Illegal Reentry is 8. U.S.S.G. § 2L1.2(a). Martinez was previously convicted of a crime of violence, attempted sexual battery, which enhanced his offense level by 16 points (U.S.S.G. § 2L1.2(b)(1)(A)). Id. at ¶¶ 13, 23. Martinez' final offense level was calculated to be 21, after credit for acceptance of responsibility. Id. at ¶ 19. He had no scoreable criminal history, but had four previous border encounters with immigration. Id. at ¶¶ 25-28. His sentencing range was 37-46 months. Id. at ¶ 43.

The Court sentenced Martinez to 46 months in the Bureau of Prisons, 3 years supervised release, no fine and a $100 special assessment. Judgment was entered on the docket on March 16, 2010. D.E. 22. Id. Martinez did not appeal. He filed a motion to vacate, set aside or correct sentence. D.E. 25.[1]

## II. JURISDICTION

This Court has jurisdiction pursuant to 28 U.S.C. § 2255.

---

[1] The filed document is entitled Memorandum of Points and Authorities in Support of 28 U.S.C. § 2255 Motion to Vacate, Set Aside or Correct Sentence, Seeking to Vacate and Set Aside the Judgment in this Case. It shows Martinez' address and identification number on the front page of the motion, but is not signed or dated. No other document has been filed. Martinez' motion violates the requirement that the motion be signed under penalty of perjury. Rule 2(b)(5), Rules Governing Section 2255 Proceedings in the District Courts.

### III. MOVANT'S ALLEGATIONS

Martinez claims that he was convicted of possession with intent to distribute 804.54 kilograms of marijuana, that his guilty plea was involuntary because counsel was employed by the drug cartel and did not effectively represent him. He complains of multiple grounds of ineffective assistance. D.E. 25.

### IV. ANALYSIS

**A.  28 U.S.C. § 2255**

There are four cognizable grounds upon which a federal prisoner may move to vacate, set aside, or correct his sentence: 1) constitutional issues, 2) challenges to the district court's jurisdiction to impose the sentence, 3) challenges to the length of a sentence in excess of the statutory maximum, and 4) claims that the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255; United States v. Placente, 81 F.3d 555, 558 (5th Cir. 1996). "Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." United States v. Vaughn, 955 F.2d 367, 368 (5th Cir. 1992).

**B.  Statute of Limitation**

A motion made under § 2255 is subject to a one-year statute of limitations, which, in most cases, begins to run when the judgment becomes final.[2] 28 U.S.C. § 2255(f). The Fifth

---

[2]  The statute provides that the limitations period shall run from the latest of:

> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from filing by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have

Circuit and the Supreme Court have held that a judgment becomes final when the applicable period for seeking review of a final conviction has expired. Clay v. United States, 537 U.S. 522, 525 (2003); United States v. Gamble, 208 F.3d 536, 536-37 (5th Cir. 2000) (per curiam).

Martinez was required to file a notice of appeal no later than fourteen days after entry of judgment. Fed. R. App. P. 4(b). Judgment was entered on March 16, 2010. Martinez' notice of appeal had to be filed not later than March 30, 2010. Because he did not appeal, his conviction became final when the time for filing an appeal expired on March 30, 2010. Martinez had one year from that date, or until March 30, 2011, to file his § 2255 motion. Martinez' § 2255 motion was filed shortly before February 4, 2013,[3] nearly two years after the deadline. The motion is untimely and must be dismissed. Even if the motion were timely, it states no facts related to Martinez' actual conviction for illegal reentry, but instead relates to a drug prosecution.

## V. CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Although Martinez has not yet filed a notice of appeal, the § 2255 Rules instruct this Court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11, § 2255 Rules.

A COA "may issue. . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c)

---

    been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

[3] There is no date on Martinez' motion and the postmark is illegible. He is incarcerated and is entitled to the benefit of the mailbox rule, but the Court cannot determine the date on which Martinez placed his motion in the prison mail. See Rule 3(d), 2255 Rules.

requires an overview of the claims in the habeas petition and a general assessment of their merits." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003).

To warrant a grant of the certificate as to claims denied on their merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000). This standard requires a § 2255 movant to demonstrate that reasonable jurists could debate whether the motion should have been resolved differently, or that the issues presented deserved encouragement to proceed further. United States v. Jones, 287 F.3d 325, 329 (5th Cir. 2002) (relying upon Slack, 529 U.S. at 483-84).

As to claims that the district court rejects solely on procedural grounds, the movant must show both that "jurists of reasons would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack, 529 U.S. at 484 (emphasis added).

Based on the above standards, the Court concludes that Martinez is not entitled to a COA on any of her claims. That is, reasonable jurists could not debate the Court's resolution of his claims, nor do these issues deserve encouragement to proceed. See Jones, 287 F.3d at 329.

## VI. CONCLUSION

For the foregoing reasons, Martinez' motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 (D.E. 25) is DISMISSED and he is also denied a Certificate of Appealability.

SIGNED and ORDERED this 18th day of March, 2013.

                                                Janis Graham Jack
                                                Senior United States District Judge